IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOSEPH BEAN,<br>TDCJ-CID NO.1141587,<br>          Plaintiff,<br>v.<br><br>CO WYSINGER "MAC,"<br>          Defendant. | §<br>§<br>§<br>§   CIVIL ACTION NO. H-09-3870<br>§<br>§<br>§<br>§ |

ORDER

The Court denied plaintiff's application to proceed *in forma pauperis* because he did not timely file a certified trust fund account statement. (Docket Entry No.8). Plaintiff has now filed such statement; therefore, the Court VACATES its Order of January 27, 2010, denying plaintiff's application to proceed *in forma pauperis*, and ENTERS the following Order:

The Prison Litigation Reform Act of 1996 (PLRA) requires prisoners filing lawsuits to pay an initial partial filing fee. The Act also requires prisoners to pay thereafter the balance of the full filing fee of $350.

Accordingly, based on the certified inmate trust account statement, the Court ORDERS that:

1.   The applications for leave to proceed *in forma pauperis* (Docket Entries No.2, No.6) are GRANTED.

2.   The plaintiff is not assessed an initial partial filing fee because he lacks the requisite funds.

3. The plaintiff shall pay the filing fee of $350.00, in periodic installments as required by 28 U.S.C. § 1915(b). The agency having custody of plaintiff shall collect this amount from the plaintiff's inmate trust fund account, when funds are available, and forward it to the Court.

4. The plaintiff is responsible for signing all consents and other documents required by the agency having custody of plaintiff to authorize the necessary withdrawal from the plaintiff's inmate trust account.

5. Service of process will be withheld pending judicial screening pursuant to 28 U.S.C. § 1915A.

6. No amendments or supplements to the complaint will be filed without prior court approval. A complete amended complaint will be attached to any motion to amend.

7. All discovery in this case is stayed until the court enters an order to answer.

8. No motions for appointment of counsel shall be filed until the court has completed its screening pursuant to 28 U.S.C. § 1915A, which may include a hearing under <u>Spears v. McCotter</u>, 766 F.2d 179 (5th Cir. 1985).

9. The plaintiff must notify the court of any change of address by filing a written notice of change of address with the Clerk. Failure to file such notice may result in this case being

dismissed for want of prosecution.

10. Plaintiff's Motion for Hearing on Complaint and Statement from the Court (Docket Entry No.11) is DENIED AS MOOT.

NOTICE TO THE PLAINTIFF:

A. Although you have been granted permission to proceed as a pauper, you must pay the full filing fee when funds are available under 28 U.S.C. § 1915(b). If you do not wish to pay the full filing fee, you must notify the court in writing, by letter or motion, that you do not wish to prosecute this civil action. You may use the attached motion to notify the court. Your notice must be mailed within 30 days of the date of entry of this order.

B. Payment of all or any part of the full filing fee will not prevent dismissal of the complaint if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. If the case is dismissed on any of those grounds before payment of the entire filing fee, the plaintiff must still pay the entire filing fee. When a prisoner has had three or more prior actions or appeals dismissed for being frivolous, malicious, or failing to state a claim upon which relief may be granted, federal law prohibits the prisoner from bringing any more actions or appeals *in forma pauperis* unless the plaintiff is in imminent

danger of serious physical injury. See 28 U.S.C. § 1915(g).

C.   State law requires the forfeiture of good conduct time credits as a sanction for any state or federal lawsuit brought by an inmate while in the custody of the Texas Department of Criminal Justice, Institutional Division, which is dismissed as frivolous or malicious if there are any such prior dismissals. See TEX. GOV'T CODE ANN. § 498.0045.

The Clerk of Court will send a copy of this Order to the parties, and a copy by facsimile transmission, regular mail, or e-mail to TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas 78711, fax 512-936-2159, and the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, fax 936-437-4793.

Signed at Houston, Texas, on  March 11 , 2010.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE

4

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSEPH BEAN, | § | |
| TDCJ-CID NO.1141587, | § | |
|     Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-09-3870 |
| | § | |
| CO WYSINGER "MAC," | § | |
|     Defendant. | § | |

<u>MOTION FOR VOLUNTARY DISMISSAL</u>

I, _____, plaintiff, seek voluntary dismissal under Rule 41(a), Fed. R. Civ. P., because I do not want to pay the filing fee in this case.

_____
Plaintiff

_____
Date